STATE OF NEW MEXICO
COUNTY OF SIERRA
SEVENTH JUDICIAL DISTRICT

No. D0721-CV-2005-00120
Judge: Matthew G. Reynolds

WILLIAM HEATH and KRISTI HEATH,   )
                                  )
    Plaintiffs,                   )
                                  )
                                  )
vs.                               )
                                  )
FOXWORTH-GALBRAITH LUMBER         )
COMPANY and RUDY CHANEZ,          )
                                  )
    Defendants.                   )
                                  )

STATE OF NEW MEXICO
SEVENTH JUDICIAL
DISTRICT COURT
FILED

2006 MAR 9 PM 3 10

Endorsed Copy
COURT CLERK
BY _____ DEPUTY

--------------------------------------------------

### AMENDED COMPLAINT FOR NEGLIGENCE AND MISREPRESENTATION

NOW COME the Plaintiffs, by and through their attorney, Mark A. Filosa, and for their Complaint for Negligence state as follows.

### General Allegations

1.   Plaintiffs are residents of Sierra County, New Mexico.

2.   Upon information and belief, Foxworth Galbraith is a New Mexico corporation; or, in the alternative, is a foreign corporation authorized to do business in the State of New Mexico.

3.   Upon information and belief, Rudy Chanez is a resident of the State of New Mexico.

4.   On or about July 23, 2003, Plaintiff William Heath was working as a construction worker on a construction project in Winston, New Mexico.

5.   Defendants supplied the trusses to the construction project.


RECEIVED
MAR 10 2006

6. As Plaintiff William Heath was working on the project, he put his weight on a truss while several feet in the air. The truss came apart, causing Plaintiff William Heath to fall.

7. Said truss was defective which was due to the negligence of the Defendants.

8. Plaintiff William Heath sustained injuries due to the fall, resulting in medical damages, permanent injuries, loss of income, pain and suffering, loss of enjoyment of life.

9. As a result of the accident, Plaintiff Kristi Heath has suffered loss of consortium as to her husband due to this incident, thereby entitling her to damages.

10. Shortly after the accident, Defendant Rudy Chanez, the Manager of Defendant Foxworth-Galbraith, indicated that he was authorized to settle this matter on behalf of the Defendant Foxworth-Galbraith.

11. Defendant Rudy Chanez indicated that he was authorized to pay the Plaintiffs $250,000.00 on behalf of Defendant Foxworth-Galbraith in exchange for a release.

12. At this time, Plaintiff was receiving benefits from workers' compensation.

13. Shortly after this, Plaintiff learned for the first time that the workers' compensation carrier would have a lien on any monies Plaintiff received from Defendant Foxworth-Galbraith.

14. Plaintiff indicated this to Mr. Chanez and Mr. Chanez told him to complete the workers' compensation matter and then a settlement with Defendant Foxworth-Galbraith could be reached.

15. Defendant Chanez told Plaintiff that the $250,000.00 would be available at all times and that a settlement could likely be reached beyond that after the workers' compensation matter was resolved.

16. Upon hearing this from Defendant Chanez, Plaintiff continued on with his treatment

and then settled the workers' compensation matter once Plaintiff reached maximum medical improvement.

17.    Since Plaintiff knew the negotiations with Defendant Foxworth-Galbraith would be beginning at $250,000.00, Plaintiff went into the workers' compensation proceeding with a desire to discount his workers' compensation award in exchange for the workers' compensation carrier to waive its setoff or lien from the money which Plaintiff was going to receive from Defendant Foxworth-Galbraith.

18.    The workers' compensation matter was settled on June 8, 2005.  The settlement involved Plaintiff receiving a relatively small lump sum amount in exchange for the discontinuance of future payments, discontinuance of future medical payments and the workers' compensation carrier waiving its right to any portion of any third party settlement.

19.    Plaintiff relied on the assurances and representations of Defendant Chanez in reaching this agreement.

20.    Had it not been for Defendant Chanez' assurances and representations to the Plaintiff, he would have never settled the workers' compensation matter in the manner which he did.

21.    After settlement was reached in the workers' compensation matter, Defendant Foxworth-Galbraith claimed that Defendant Rudy Chanez was not authorized to make any representations to Plaintiff regarding settlement.

### Count One

22.    Plaintiffs restate and reallege each and every allegation set forth in paragraphs 1-21 as if the same were fully set out herein.

23.    Plaintiff is entitled to damages due to the negligence of the Defendant Foxworth-

Galbraith.

24. Defendant Rudy Chanez, at the relevant period of time, was an agent of Defendant Foxworth-Galbraith, either through express authority or apparent authority.

25. Foxworth-Galbraith should be bound to the representations of Defendant Rudy Chanez.

WHEREFORE, Plaintiffs pray for damages in an amount which will be proven at trial due to the negligence of Defendant Foxworth-Galbraith and an order establishing any negotiations in this matter should begin at $250,000.00 pursuant to the representations made by Defendant Rudy Chanez; or, in the alternative, Plaintiff should be entitled to damages for monies lost in the workers' compensation settlement, based on the representations of Defendant Rudy Chanez.

### Count Two

26. Plaintiffs restate and reallege each and every allegation set forth in paragraphs 1-25 as if the same were fully set out herein.

WHEREFORE, Plaintiff is entitled to judgment against Defendant Rudy Chanez for his representations in an amount which equals the amount of discount that the Plaintiff gave the workers' compensation carrier in this matter based on the representations of Rudy Chanez.

/s/
**MARK A. FILOSA**
**Attorney for Plaintiffs**
**Post Office Drawer 391**
**Truth or Consequences, NM 87901**

(505) 894-7161
FAX: (505) 894-7570

## CERTIFICATE OF MAILING

I hereby certify that a true and correct copy of the foregoing Amended Complaint for Negligence and Misrepresentations was mailed to the following counsel of record at the following addresses on the ___9th___ day of March, 2006:

| | |
|---|---|
| P. Scott Eaton, Esq.<br>EATON LAW OFFICE, PC<br>P. O. Box 25305<br>Albuquerque, New Mexico 87125-5305 | Christian K. G. Henrichsen, Esq.<br>GALLAGHER & KENNEDY<br>2575 East Camelback Road<br>Phoenix, Arizona 85016-9225 |

_/s/_
**MARK A. FILOSA**